Thomas A. Creekmore v. Commissioner.
Creekmore v. Commissioner
Docket No. 107189.
United States Tax Court
1942 Tax Ct. Memo LEXIS 71; 1 T.C.M. (CCH) 146; T.C.M. (RIA) 42611; November 27, 1942
*71 Roscoe E. Harper, Esq., for the petitioner. Stanley B. Anderson, Esq., for the respondent. SMITH Memorandum Opinion SMITH, J.: This proceeding is for the redetermination of a deficiency of $623.80 in petitioner's income tax for 1939. There are two questions in issue, first, whether under the Oklahoma Community Property Law (S.L. of Oklahoma, 1939) petitioner's income for the period September to December, inclusive, is community income taxable one-half to petitioner and one-half to his wife, and, second, whether certain stock in the Nebraska Oil Development Corporation, which petitioner acquired in 1938, became worthless in 1939, giving rise to a deductible loss in that year. There is no dispute between the parties as to the facts essential to a determination of the community property question. Prior to September 1, 1939, petitioner and his wife made an election effective September 1, 1939, to come under the Oklahoma Community Property Law and properly filed copies of such election with the state authorities. For the period September 1, 1939, to December 31, 1939, petitioner reported one-half of his income constituting salaries, interest, rents, dividends, and a small item of profit *72 from the sale of timber, in his individual income tax return as community income and his wife reported one-half of such income in her individual return. Likewise, petitioner in his return claimed one-half of the deductions allowable against such income and the other half was claimed by the wife in her return. The petitioner filed his return for the year involved with the collector of internal revenue for the district of Oklahoma. The parties have stipulated that our determination of this issue is to be decided in accordance with our decision in . We held in that case that under the community property law of Oklahoma the income of the husband and wife who made an election to come under the terms of that law, as provided in the act is community income, except such income as the act specifically describes as separate income, which may be reported equally by the spouses in their Federal income tax returns. All of the separate items of income as set out in the deficiency notice constituted community income under the Oklahoma Community Property Law. In accordance with our ruling in , *73 we hold that all of petitioner's disputed income for the period September 1, 1939, to December 31, 1939, was community income, taxable one-half to petitioner and one-half to his wife. As to the second issue the facts are that on April 11, 1938, petitioner acquired a portion of the stock of the Nebraska Oil Development Corporation at a cost of $1,375. This corporation was organized for the purpose of acquiring, and did acquire, a one-half interest in certain oil and gas leases located in the State of Nebraska. Under the contract of assignment by which the corporation acquired the leases it was obligated to drill three test wells on the property to a depth of 2,500 feet. These wells were drilled over the period from May to September, 1938, and all proved nonproductive. All of the funds paid in to the corporation by the petitioner and other stockholders were expended in digging the wells and the corporation was left without funds. It was entirely inactive from September 30, 1938. There has never been any further development in the vicinity of the leases. The nearest production is some 200 miles distant. On February 6, 1939, the corporation assigned its interest in the leases to *74 one H. R. Johnson who owned the other one-half interest therein. The only consideration for such assignment was a right to receive five per cent of any net profits to be derived from the development or sale of the properties, "but in no event shall the total of such payments exceed" $100,000. There was no obligation on the part of the assignee to develop or operate any of the properties. The petitioner claimed a deduction of the cost of his shares of stock in the corporation in 1939 when he alleges that it became worthless by reason of the assignment of its interest in the leases to Johnson in consideration for a percentage of future profits, which consideration, petitioner submits was of no value. The respondent has determined that the stock in question became worthless in 1938 when the dry holes were drilled and the leased properties were condemned for oil and gas purposes. The evidence shows beyond question that the stock of the Nebraska Oil Development Corporation became entirely worthless by the end of 1938 and we so find as a fact. The respondent is sustained in his disallowance of the deduction of the cost of the stock in petitioner's income tax return for 1939. Decision *75 will be entered under Rule 50.